PACHULSKI STANG ZIEHL YOUNG JONES
  & WEINTRAUB LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
William P. Weintraub (SDNY WW2897)
Curtis A. Hehn (DE Bar No. 4264)

Counsel for the Liquidating Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| G+G RETAIL, INC.<br><br>               Debtor. | Case No. 06-10152 (RDD) |

## DECLARATION OF CHARLES F. KUONI III IN SUPPORT OF THE DEBTOR'S THIRTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM NOS. 368, 37, 369, 744, 1300, 1299, 1298, 1302, 1313, 1241 AND 1327 SEEKING REJECTION DAMAGES

      I, CHARLES F. KUONI III, make this Declaration pursuant to section 1746 of title 28 of the United States Code and hereby state:

      1.      I am a Partner with Corporate Revitalization Partners, LLP ("CRP") which maintains offices at 13355 Noel Road, Suite 1825, Dallas, TX 75240.[1] CRP specializes in, among other things, supplying senior executives on an interim basis to financially troubled companies.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

29869-001\DOCS_NY:12486.1

2.  Pursuant to a unanimous written consent executed by the Board of Directors (the "Board") for G+G Retail, Inc. (the "Debtor"), and the entry of an order by the Bankruptcy Court granting my application for retention by the Debtor, I was appointed to serve as the Chief Restructuring Officer ("CRO") of the Debtor.  As such, I was authorized to make decisions with respect to all aspects of the management and operation of the Debtor's business, including, without limitation, organization, human resources, marketing, sales, logistics, finance, administration, and oversight of the prosecution of the Debtor's bankruptcy case.  Subsequently, pursuant to the Debtor's Plan of Liquidation, I was appointed as the Responsible Officer for the "Liquidating Debtor" and continue to serve in such capacity.

3.  This Declaration is submitted in support of the *Thirteenth Omnibus Objection to: Proofs of Claim Nos. 368, 37, 369, 744, 1300, 1299, 1298, 1302, 1313, 1241 and 1327 Seeking Rejection Damages* (the "Objection") filed by the Debtor.

4.  I have read the Objection, and am directly familiar with the information contained therein, and in the exhibits annexed thereto.  The information contained therein is true and correct to the best of my knowledge, information and belief, and is hereby incorporated by reference into this declaration.

5.  Both prior to and after the Petition Date, the Debtor maintained, in the ordinary course of its business, books and records that reflect its liabilities to creditors, and amounts paid on such claims to creditors.  My tenure as CRO spanned both the Debtor's prepetition and postpetition operations.  As such, I am generally familiar with the Debtor's record keeping, purchasing and payment systems, the current basis upon which its books and

records were maintained, and the Debtor's reliance upon the accuracy of such books and records in operating its business.

6. Subsequent to the passage of the general and governmental bar dates established in this case, the Debtor started to reconcile filed proofs of claim against information contained in the Debtor's books and records. As a result of this reconciliation process, the Debtor has determined that the proofs of claim, or portions thereof, set forth on the Exhibits to the Objection, should be disallowed and/or modified because: (1) they are duplicates; and (2) they do not correspond to information in the Debtor's books and records.

7. With respect to the Duplicate Claims, I, or other members of CRP working directly under my control and supervision, have conducted a review and analysis of the Duplicate Claims. Based upon this review and analysis, I have determined that such claims are in fact duplicative and should therefore be disallowed.

8. With respect to the books and records objection to claims, as part of this claims review and reconciliation process, I, or other members of CRP working directly under my control and supervision, have conducted a review and analysis of both (i) the Debtor's books and records, and (ii) the proofs of claim filed against the Debtor's estate. Based upon this review and analysis, I have concluded that Rejection Damages Claim Nos. 368, 37, 369, 1300, 1299, 1298, 1313, 1241 and 1327 were either in whole or in part, inconsistent with the information contained in the Debtor's books and records with respect to such claim for the reasons described in the body of the Objection, and applicable Exhibit thereto, and should, therefore, be disallowed and/or modified as provided by this Objection.

9. Accordingly, I believe that it is in the best interests of the Debtor's estate for this Court to enter an order which disallows and/or modifies each of the disputed claims set forth on the Exhibits to the Objection, as provided for therein.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct

EXECUTED this 15th day of May 2007

_____
CHARLES F. KUONI III
Responsible Officer
G+G Retail, Inc.